# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MICHELE CLARK, | ) |
|         Plaintiff | ) |
| v. | ) |
| | ) Civil No. 1:12-CV-00384-NT |
| JANSSEN PHARMACEUTICAL, INC., JOHNSON & JOHNSON, THE REED GROUP, and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) |
|         Defendants | ) |

## ORDER ON MOTION TO DISMISS

Before the Court is a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), by defendants Janssen Pharmaceutical, Inc., ("**Janssen**"), Johnson & Johnson, and the Reed Group, for failure to state a claim for which relief may be granted. For the reasons that follow, the Court grants the motion.

## BACKGROUND

July 29, 2011, was Plaintiff Michelle Clark's (the "**Plaintiff**") last day of employment with Janssen Pharmaceutical, a company affiliated with Johnson & Johnson. Clark Decl. ¶ 2 (ECF No. 12) and Ex. B thereto (ECF No. 12-2) (July 29, 2011 termination letter.) On that day, the Plaintiff applied to the Reed Group, administrator of her employer's short term disability and long term disability

1

programs, for short term disability benefits because of narcolepsy cataplexy syndrome. Compl. ¶¶ 6 and 8.

By letter dated August 8, 2011, the Reed Group denied the Plaintiff's claim on the basis that the Plaintiff was no longer employed by Johnson & Johnson as of July 29, 2011. Compl. ¶¶ 8 and 13, Clark Decl. ¶ 3 and Ex. C thereto (ECF No. 12-3) (August 8, 2011, denial letter.) The Plaintiff appealed this determination, and on October 6, 2011, the Reed Group once again denied her claim on the same basis. Compl. ¶¶ 14 and 15, Clark Decl. ¶ 4 and Ex. D thereto (ECF No. 12-4) (October 6, 2011 denial letter.) The Plaintiff, through her attorney, appealed again, and by letter dated December 19, 2011, Johnson & Johnson denied the Plaintiff's claim in a final determination on the basis that

> she was not absent from work for seven consecutive calendar days. Her employment was terminated on July 29, 2011. Even if July 29, 2011 were to be considered Ms. Clark's first day of absence from work, termination notwithstanding, she was not absent from work due to a disabling condition for seven (7) consecutive calendar days, one of the Plan requirements for claiming STD benefits.
> Furthermore, even if Ms. Clark had not been terminated, and even if she had been absent for greater than seven consecutive calendar days, there is no objective evidence in the claim file that supports the presence of a disabling condition that would have precluded your client from performing the duties of her position as a Senior Sales Representative.

Ex. E to Clark Decl. 4 (ECF No. 12-5) (December 19, 2011 final determination denial letter). *See also* Compl. ¶¶ 16-19 and Clark Decl. ¶ 5. The Plaintiff also alleges that she repeatedly attempted to apply for long term disability benefits "but the Reed Group ignored her application." Compl. ¶ 21.

2

On December 19, 2012, the Plaintiff filed a complaint against Janssen, the Reed Group, Johnson & Johnson, and the Prudential Insurance Company of America ("**Prudential**"), the insurer of Johnson & Johnson's LTD benefits plan. The complaint alleges four counts against all defendants: Claim for ERISA benefits (Count I), Breach of Contract (Count II), Breach of Contract and Estoppel Refusal to Provide Meaningful Appeal Consideration (Count III) and Unfair Claims Settlement Practices (Count IV).

**LEGAL STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(a)(2) and 8(d)(1). A motion to dismiss for failure to state a claim requires the moving party to demonstrate that, drawing all reasonable inferences in the pleader's favor, the complaint fails to plausibly narrate a claim for relief. *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir.2012). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a 'context-specific' job" that requires the Court to "'draw on' [its] 'judicial experience and common sense.'" *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009)).

"Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.,* 267 F.3d 30, 33 (1st Cir. 2001) (citing *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir.

1993)). "There is, however, a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" *Id.* (quoting *Watterson,* 987 F.2d at 3). "When the complaint relies upon a document, whose authenticity is not challenged, such a document 'merges into the pleadings' and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." *Alternative Energy,* 267 F.3d at 33 (quoting *Beddall v. State St. Bank & Trust Co.,* 137 F.3d 12, 17 (1st Cir. 1998)).

**DISCUSSION**

There is a lot on which the Plaintiff and Defendants agree. First, the parties agree that the Court may consider the following documents on the Plaintiff's motion to dismiss: (1) the Choices Disability Insurance Plan and General Administrative Information,[1] (2) the July 29, 2011, termination letter (3) the August 8, 2011, denial letter, (4) the October 6, 2011, denial letter, and (5) the December 19, 2011, final determination denial letter. These documents are sufficiently referred to in the complaint and their authenticity is not challenged. *Alternative Energy,* 267 F.3d at 33.

The Plaintiff also agrees with the Defendants that Johnson & Johnson's short term disability program is not governed by ERISA, Defs' Mot. to Dismiss 12-13 (ECF No. 4); Pl's Opp. to Mot. to Dismiss 2 (ECF No. 11), and therefore that Count I (Claim for ERISA benefits) does not state a claim with respect to short term disability benefits.

---

[1] Wilkinson Decl. ¶¶ 3-4 (ECF No. 4-1) and Exs. A and B thereto (ECF Nos. 4-2 and 4-3).

4

Further, the Plaintiff agrees that neither Janssen, nor Johnson & Johnson, nor the Reed Group can be held responsible for any determination by Prudential to deny long term disability benefits. Consequently, Count I may be dismissed as to Janssen, Johnson & Johnson, and the Reed Group. Pl's Opp. to Mot. to Dismiss 2.

In addition, the Plaintiff agrees that the Court may dismiss Count III entirely (Breach of Contract and Estoppel Refusal to Provide Meaningful Appeal Consideration). *Id*.

Finally, the Plaintiff agrees that ERISA preempts Counts II-IV with respect to her claims for long term disability benefits. *Id*.

In sum, the following claims remain: an ERISA claim against Prudential (Count I); Breach of Contract for denial of short term disability benefits against Janssen, Johnson & Johnson, and the Reed Group (Count II); and Unfair Claims Settlement Practices against Janssen, Johnson & Johnson, and the Reed Group, with regard to their treatment of her short term disability benefits claim (Count IV).

The Plaintiff's breach of contract and unfair claims settlement practices claims are based on her assertion that Janssen, Johnson & Johnson, and the Reed Group wrongfully denied her short term disability benefits on the basis that she was no longer eligible for such benefits as of July 29, 2011, which was her final day of employment. She also asks that the Defendants be estopped from asserting any alternative basis for denial, namely, that she did not submit sufficient evidence

demonstrating that she was disabled, because they did not articulate this as a basis for denial of short term disability benefits until their final determination letter.

The Court need not reach the Plaintiff's estoppel argument because, under the plain terms of the plan, the Plaintiff fails to state a claim for short term disability benefits or for unfair settlement practices in regard to that claim. The plan provides in pertinent part:

> A Short Term Disability (STD) is an illness or injury . . . that prevents you from performing the essential functions of your job . . . as determined by the Service Administrator. . . .
>
> * * *
>
> If Reed Group approves your disability, STD benefits begin on your first full day of absence due to a disability if you are unable to work according to your regularly scheduled hours for more than seven consecutive calendar days. . . .[2]
>
> * * *
>
> Claims must be reported no earlier than 30 days prior to any known absence, and no later than 30 days after the initial date of absence. Claims submitted outside of these timeframes will not be honored.
>
> * * *
>
> Any benefits under these Plans [short term disability and long term disability] will end on the date employment ends.

Choices Disability Insurance Plan 4, 6 and 47.

The Court interprets "unambiguous policy language consistent with its plain meaning and 'construe[s] ambiguous policy language strictly against the insurance

---

[2] This provision, which is the more generous of the plan's short term disability coverages, applies only to "Choices Eligible Employees." The Court infers from the allegations in the complaint that the Plaintiff is a Choices Eligible Employee.

6

company and liberally in favor of the policyholder.'" *Langevin v. Allstate Ins. Co.,* 66 A.3d 585, 590 (Me. 2013) (quoting *Cox v. Commonwealth Land Title Ins. Co.,* 59 A.3d 1280, 1283 (Me. 2013)). Under these principles of construction, the Plaintiff must have been unable to work for at least seven consecutive calendar days while employed with Janssen to be eligible to receive short term disability benefits. The complaint alleges that the Plaintiff was employed on July 29, 2011, the day she applied for short term disability.[3] But it does not allege that the Plaintiff was unable to work for at least seven consecutive days while she was employed. Because the complaint fails to allege facts that are essential to the Plaintiff's claim for short term disability benefits, it fails to state claims against Janssen, Johnson & Johnson, or the Reed Group for which relief may be granted.[4]

For the foregoing reasons, the Court **GRANTS** the motion to dismiss. Counts II, III, and IV are hereby **DISMISSED**, and Count I is **DISMISSED** as to Defendants Janssen, Johnson & Johnson, and the Reed Group.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 10th day of February, 2014.

---

[3] The plan allows eligible employees to apply for short term disability benefits up to thirty days after the initial date of absence. Thus, it is not material whether the Plaintiff was actively employed by Janssen on the date she applied for benefits. Rather, it is only necessary that any benefits for which the Plaintiff applied related to a short-term disability that she experienced while employed.

[4] In her opposition to the motion to dismiss, the Plaintiff requested leave to amend her complaint, but only "[t]o the extent that the Complaint fails to adequately allege that the Plans are a contract with Ms. Clark . . . ." Pl's Opp. to Mot. to Dismiss 5. The Plaintiff's opposition was written with the benefit of access to the plan's terms, but did not request leave to amend to include factual allegations regarding the Plaintiff's inability to work between June 29, 2011, and August 4, 2011.